IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                    Case No.  2:19-cr-20081-1-SHL-tmp

PATRICK HAYDEN,

    Defendant.

## POSITION STATEMENT OF DEFENDANT PATRICK HAYDEN WITH REGARD TO SENTENCING FACTORS AND SENTENCING MEMORANDUM

Comes now the Defendant, Patrick Hayden (hereinafter "Defendant"), by and through his counsel, Arthur E. Quinn, and respectfully submits this as his Position Statement with Regard to Sentencing Factors and Sentencing Memorandum as it pertains to the sentencing.

### I.

### OBJECTIONS CONCERNING FACTS SET OUT IN PRESENTENCE INVESTIGATION REPORT (PSR)

1.     Mr. Hayden does not have objections to the facts of the offense conduct set out in ¶¶ 4 through 6 of the PSR.

### II.

### OBJECTIONS WHICH AFFECT GUIDELINE COMPUTATIONS

2.     Mr. Hayden has no objections to the guideline computations set forth in the PSR.

### III.

### STATUTORY FACTORS FOR SENTENCING

3. Defendant respectfully submits that the primary directive in 18 U.S.C. §3553(a) is for sentencing courts to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2 . . . " Section 3553(a)(2) states that such purposes are (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crime of the Defendant; and (D) to provide the Defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner.

4. Section 3553(a) further directs sentencing courts to consider (1) the nature and circumstances of the offense and the history and characteristics of the Defendant; (2) the need for the sentence imposed; and (3) the kind of sentences available.

5. As set out in ¶ 14 of the PSR, Mr. Hayden has readily accepted his responsibility for his conduct, and he does admit to his involvement in the indicted charges.

6. This case presents a particularly difficult set of circumstances. As reflect in ¶ 39 of the PSR, Mr. Hayden committed this offense while serving a sentence in the State of Arkansas. The section of the PSR entitled "Mental and Emotional Health", ¶¶ 60 through 65, takes up nearly three pages of the PSR. Paragraphs 66 through 69 set out Mr. Hayden's substance abuse history, which includes beginning consuming alcohol at age 9 and experimenting with drugs beginning at age 13.

7. Accordingly, Mr. Hayden respectfully asks this Court to fashion a sentence and supervised release to provide an emphasis on mental health counseling/treatment; substance abuse treatment; courses which address decision making; and vocational training.

8. As set out in ¶ 7 of the PSR, the Defendant admitted that he has been a member of the White Aryan Resistance. Mr. Hayden is terminating his involvement with that group. By withdrawing from this group, that can create problems within the politics of the prison and in a prison environment. It

is Defendant's understanding that there are at least two facilities within the Bureau of Prisons to which "gang dropouts" are assigned. Defendant respectfully requests this Court to recommend to the BOP that he be allowed to serve his term of imprisonment at one of those facilities. It is the Defendant's understanding that two of those facilities would be USP Coleman 2 or FCI Talladega.

## IV.

## CONCLUSION

Mr. Hayden respectfully asks this Court to accept the terms of the plea agreement in imposing a sentence which does not exceed the low end of the guideline range which is 24-months.

Respectfully submitted,

/s/ Arthur E. Quinn
Arthur E. Quinn, TN006245
Attorney at Law
50 North Front Street, Suite 800
Memphis, Tennessee 38103
901-302-4868

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that a true and exact copy of the foregoing document has been served via ECF upon, Stephen Hall, Assistant United States Attorney, 167 North Main Street, 8th Floor, Memphis, Tennessee 38103 on this 15th day of October, 2019.

/s/ Arthur E. Quinn